```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RICHARD ABONDOLO, as Chairman
of the Board of Trustees of
UFCW LOCAL 342 HEALTH CARE FUND,           MEMORANDUM & ORDER
RICHARD ABONDOLO, as Chairman              09-CV-4495 (JS)
of the Board of Trustees of
UFCW LOCAL 342 SAFETY, EDUCATION,
CULTURAL FUND, and RICHARD ABONDOLO,
as Chairman of the Board of Trustees
of UFCW LOCAL 342 LEGAL FUND,

                    Petitioner,

        – against –


OSSIE'S OF BORO PARK, INC.,

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Ira D. Wincott, Esq.
                    Law Office of Ira D. Wincott
                    166 East Jericho Turnpike
                    Mineola, NY 11501

For Respondent:     No Appearance
```

SEYBERT, District Judge:

Pending before the Court is a motion by Petitioner, Richard Abondolo ("Abondolo"), for entry of a default judgment against Respondent, Ossie's of Boro Park, Inc. ("Ossie's"). For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

On October 20, 2009, Abondolo commenced this action in his various capacities as a representative of the UFCW Local 342 Health Care Fund, UFCW Local 342 Safety, Education, Cultural Fund, and UFCW Local 342 Legal Fund (collectively, "Funds").

Specifically, Petitioner seeks to confirm a labor arbitration award against Ossie's, issued by John Kennedy ("Kennedy" or "Arbitrator") on February 8, 2009.

The Funds brought the arbitration against Ossie's, claiming that it had been delinquent and/or failed to make payments to the Funds according to the collective bargaining agreement ("CBA") entered into by Ossie's and UFCW Local 342 ("Union"). At the hearing, Kennedy noted that "[t]he Funds presented uncontested testimony and evidence (F-2) in support of their contention that the Company was delinquent in the payment of contributions to the [Funds] . . . and failed to make timely payments to the Fund[s] as required under the Consent Award (F-l)." (Op. and Award 2, Compl. Ex. A.) The Arbitrator went on to quote the Consent Award (F-1) between the parties stating that

> The Company further understands and agrees that in the event the scheduled delinquent payments on the outstanding balance or the regular monthly contributions to the Funds are not made in a timely manner, the entire amount of delinquent contributions shall immediately become due and owing, together with the applicable 18% interest and 20% Liquated Damages on the unpaid contributions, in addition, Attorney fees in the amount of $1,500.00 and arbitration fees in the amount of $800.00 shall be imposed.

(Id. at 3.) Finding that Ossie's was indeed delinquent in its payments, and that the Funds were entitled to Attorney's and Arbitration fees, the Arbitrator imposed the following Award:

|  |  |
|---|---:|
| Local 342 Health Care Fund: | $13,757.50 |
| Local 342 SEC Fund | 130.00 |
| Local 342 Legal Fund | 130.00 |
| Interest @ 18% per annum | 1,263.30 |
| Liquated Damages @ 20% | 3,056.16 |
| Sub-Total | 18,336.96 |
| Attorney fees (6/27/08 & 213/09) | 2,300.00 |
| Arbitration fees (6/27/08 & 213109) | 1,600.00 |
| Total Amount Due: | $22,236.96 |

Finally, the Arbitrator directed Ossie's to issue payment to the Funds on or before Friday, February 14, 2009. After not receiving payment, Petitioner brought this action on behalf of the Funds.

## DISCUSSION

Plaintiff seeks a sum certain in this action; therefore, a detailed analysis of damages is unnecessary. In light of the evidence presented, and Respondent's failure to appear in this case, it appears that Petitioner is entitled to an award in the amount of $22,236.96.

In addition to damages, Plaintiff seeks an award of costs and attorney's fees. Petitioner, however, provides no support for either award. Accordingly, the Court affords Petitioner a reasonable opportunity to make a separate fee application. See, e.g., Herrenknecht v. Best Rd. Boring, No. 06-CV-5106, 2007 U.S. Dist. LEXIS 28495, at *11 (S.D.N.Y. Apr. 16, 2007) (denying fee award, subject to plaintiff's provision of accounting of fees and

costs within 10 days of the court's order). Such application shall be made within 10 days of the entry of this Order, and must be accompanied by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>N.Y. State Ass'n for Retarded Children v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983). If no such application is made within the required time, the Court will enter a Judgment, not including costs and attorney's fees, and will close the case.

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Petitioner's motion for entry of default. Accordingly, the Clerk of the Court is directed to enter a Judgment in Petitioner's favor in the amount of $22,236.96. Furthermore, if Petitioner seeks an award of attorney's fees and costs, it may do so in accordance with this Order's instructions. If Petitioner makes such an application, the Clerk of the Court subsequently will issue an Amended Judgment reflecting the Court's award of attorney's fees and costs, if any.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January <u>20</u>, 2010
         Central Islip, New York

4